UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

MARGARET WIESELER, as guardian
and conservator of Michael Wieseler, an
incapacitated person,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MARGARET WIESELER, as guardian and conservator of Michael Wieseler, an incapacitated person, sues Defendant, ROYAL CARIBBEAN CRUISES LTD. ("RCCL"), and alleges:

**I. PRELIMINARY ALLEGATIONS**

1. This is an action is in excess of $75,000, exclusive of costs and attorney's fees.

2. Plaintiff MARGARET WIESELER, as guardian and conservator of Michael Wieseler, is a citizen of the state of Nebraska.

3. Defendant ROYAL CARIBBEAN CRUISES LTD. is a foreign corporation with its base of operations/corporate headquarters in the state of Florida.

4. This court has jurisdiction in this matter pursuant to 28 U.S.C. 1332. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. 1332. In the event that the court rules that this case does not come under diversity of citizenship jurisdiction, then Plaintiff elects to proceed under the admiralty jurisdiction of the court.

5. At all times material hereto, Defendant was authorized to transact business and

maintains an office in Miami-Dade County, Florida.

6. At all times material hereto, Defendant personally or through an agent;

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial and not isolated business activity within this state.

   c. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

7. The causes of action in this complaint arise under the general maritime law of the United States.

8. Venue is proper because Michael Wieseler's passenger ticket requires that suit be filed in federal court in Miami-Dade County, Florida.

9. At all times relevant to this action, Defendant was engaged in the business of providing to the public, for compensation, vacation cruises aboard its vessel, Mariner of the Seas.

10. At all times material to this action, the vessel Mariner of the Seas was located in navigable waters.

11. At all times material to this action, Defendant owned, operated, managed, maintained and/or controlled the vessel Mariner of the Seas and its agents and/or employees.

12. On or about November 28, 2019, Michael Wieseler was a paying passenger onboard a cruise on Defendant's vessel Mariner of the Seas, which was in navigable waters. A copy of his ticket and/or an exemplar ticket is in Defendant's possession.

## II. COUNT I - NEGLIGENCE

13. Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 12 as though alleged originally herein.

14. It was the duty of Defendant to provide Michael Wieseler with reasonable care under the circumstances.

15. This case involves the over service of alcohol and the cruise line's failure to take reasonable steps to protect Michael Wieseler.

16. On November 25, 2019 Michael Wieseler along with his girlfriend and her family boarded Defendant's cruise vessel Mariner of the Seas in Port Canaveral, Florida for a four night cruise.

17. On or about November 28, 2019 at 2:30 am Michael Wieseler was found on the outer open deck 6 in critical condition.

18. According to ship medical reports, he was found to have a strong smell of alcohol.

19. The Defendant advised that Michael Wieseler fell from deck 11 to deck 6 of the cruise ship.

20. His injuries included a traumatic brain injury with brain bleed, diffuse axonal injury along with broken clavicle, ribs, T-12 spine, skull and facial bones.

21. Michael Wieseler's appearance after the incident and his injuries did not appear consistent with the information provided by the Defendant.

22. Michael Wieseler's appearance after the incident and his injuries may be indicative of an assault and battery.

23. Defendant made a large amount of money from alcohol sales during its cruises.

24. Defendant promoted the sale and consumption of alcohol during its cruises.

25. Defendant promoted and sold an unlimited beverage package which included unlimited alcoholic beverages.

26. Defendant enticed its cruise passengers, including Michael Wieseler, with language such as "Unlimited Beverages for Unlimited Adventure", "Toast to bottomless

beverages --- alcoholic…", and "Quench your thirst onboard with the Deluxe Beverage Package and enjoy unlimited drinks …". The Deluxe Beverage Package offerings included UNLIMITED vodka, rum, gin, tequila/mezcal, scotch, whiskey bourbon/rye, cognac, beers, and wines by the glass.

27. Defendant promoted and sold the Deluxe Beverage Package to Michael Wieseler.

28. Defendant enticed and/or encouraged Michael Wieseler to over indulge in alcohol.

29. The Defendant cruise line allowed him to get 6 drinks on November 28, 2019 the 2.5 hours prior to the subject incident.

30. The Defendant cruise line allowed him to get 14 drinks on November 27, 2019. Many of those drinks were in the evening close in time to the subject incident which occurred in the early morning hours of November 28, 2019.

31. Although Michael Wieseler appeared and/or acted intoxicated during the evening of November 27, 2019, Defendant's employees continued to serve him alcohol.

32. Although Michael Wieseler appeared and/or acted intoxicated during the early morning of November 28, 2019, Defendant's employees continued to serve him alcohol.

33. There have been multiple prior incidents on Defendant's cruise ships involving alcohol.

34. At all times material hereto, Defendant failed to follow its own policies and procedures regarding the service of alcohol.

35. At all times material hereto, Defendant failed to follow its own policies and procedures regarding security and safety.

36. At all times material hereto, Defendant knew that Michael Wieseler was under the influence of alcohol.

37. At all times material hereto, Defendant failed to have reasonable railings and/or reasonable signage/warnings and/or reasonable barricades/blocks to minimize fall risk of guests, including Michael Wieseler.

38. At all times material hereto, Defendant failed to adequately block and/or restrict access to the area Michael Wieseler fell from.

39. At all times material hereto, Defendant also failed to adequately warn/instruct Michael Wiesler of the dangers related to the subject incident.

40. At all times material hereto, Defendant failed to have adequate security to prevent the harm to Michael Wieseler which may have been caused by an assault and/or battery prior to the fall.

41. At all times material hereto, Defendant failed to have adequate security to protect Michael Wieseler, who was impaired by the affects of alcohol, from the injuries he suffered in the subject incident.

42. After the incident, Defendant's employees lowered Michael Wieseler's unconscious body on a bamboo stretcher from deck 6 to deck 5.  From there Defendant's employees put him on the ambulance stretcher to the medical facility.

43. Michael Wieseler was provided medical care in the ship's medical facility until the ship arrived in the Port of Miami.

44. The medical transport and/or medical care provided by Defendant may have caused additional injuries and/or worsened Michael Wieseler's condition.

45. Once the cruise vessel arrived in the Port of Miami, Michael Wieseler was transferred to Jackson Ryder Trauma Center.   He remained hospitalized in the Intensive Care Unit for about 40 days.   Thereafter, he was taken by air ambulance University of Nebraska Medical Center.   He remained hospitalized in the Intensive Care Unit until

       on or about January 27, 2020. Then, he was transferred to the Madonna Hospital Rehabilitation Center. He remained hospitalized in the intensive unit until on or about March 11, 2020. Then, he was transferred to the rehabilitation unit of the hospital until the end of May, 2020. Then, he was transferred to Quality Living, Inc., a rehabilitation facility, where he currently remains as an inpatient. Michael Wieseler continues to require a substantial amount of care for his daily living needs.

46. As a result of Defendant's failure to use reasonable care, Michael Wieseler suffered severe, life altering injuries.

47. Prior to the filing of this lawsuit, Defendant refused to provide Plaintiff with requested information pertaining to the subject incident, including but not limited to: surveillance video, access to the area of incident, documents related to the events leading up to the incident as well as the incident or witness information/access to witnesses.

48. Defendant created the dangerous condition by over serving Michael Wieseler alcohol.

49. Defendant knew or should have known Michael Wieseler was intoxicated and/or impaired by the effect of alcohol.

50. Defendant created the dangerous condition by failing to provide adequate security.

51. Defendant created the dangerous condition by failing to provide adequate railings and/or adequate barrier in the area of the fall and/or the area leading to the location of the fall.

52. Defendant created the dangerous condition by failing to provide adequate instructions/warnings.

53. Defendant failed to take reasonable steps to protect Michael Wieseler.

54. On or about November 28, 2019, Defendant and/or its agents, servants, and/or employees breached its duty to provide Michael Wieseler with reasonable care under the circumstances.

55. Michael Wieseler was injured due to the fault and/or negligence of Defendant, and/or its agents, servants, and/or employees as follows: a. Failure to provide reasonably safe conditions for Michael Wieseler during his voyage aboard the Mariner of the Seas; and/or b. Overserved alcohol; and/or c. Failure to have adequate alcohol policies and procedures to prevent passenger over service of alcohol; and/or d. Failure to enforce procedures to prevent the over service of alcohol; and/or e. Failure to protect passengers, including Michael Wieseler, from over service of alcohol; and/or f. Violated alcohol policies and procedures; and/or g. Enticed and/or encouraged passengers, including Michael Wieseler, to consume alcohol; and/or h. Failure to provide adequate training/instruction for crew members/employees to not over serve of alcohol; and/or i. Failed to timely stop serving alcohol to Michael Wieseler and/or others related to the subject incident; and/or j. Failure to provide adequate supervision for crew members/employees to prevent over service of alcohol; and/or k. Failure to have adequate railings with safe heights; and/or l. Failure to have adequate barricades/blocks/restrictions/signage in the areas relevant to the subject incident; and/or m. Failure to safely transport Michael Wieseler after the subject incident; and/or n. Failure to provide prompt, proper or adequate medical care to Michael Wieseler after the subject incident; and/or o. Failure to provide adequate security procedures aboard the vessel so as to ensure that passengers, including Michael Wieseler, are not harmed/injured; and/or p. Failure to enforce security policies and procedures; and/or q. Violated security policies and procedures; and/or r. Violated

    the ISM Code and/or Defendant's SMS; and/or s. Failed to have sufficient/adequate security on board and/or on duty at the time of the subject incident and the events leading up to it; and/or t. Failure to provide adequate training/instruction for security crew members/employees; and/or u. Failure to timely respond to Michael Wieseler; and/or v. Failure to prevent the assault and/or battery on Michael Wieseler; and/or w. Failure to have adequate fall protection; and/or x. Failure to provide adequate instructions/warnings, all of which caused Michael Wieseler to be injured.

56. At all material times, Defendant had exclusive custody and control of the above named vessel.

57. At all material times, Defendant created the foregoing dangerous condition.

58. At all times material hereto, Defendant negligently failed to determine the hazards on and near the vessel to Michael Wieseler, failed to eliminate the hazards, failed to modify the hazards and failed to properly warn Michael Wieseler of the hazard.

59. Defendant knew of the foregoing conditions causing Michael Wieseler's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

60. Defendant created the condition that caused Michael Wieseler's injuries.

61. As a result of the negligence of Defendant, the Michael Wieseler was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered physical injuries, lost wages and his working ability has been impaired. The injuries are permanent or continuing in nature, and Michael Wieseler will suffer the losses and

impairments in the future. In addition, Michael Wieseler lost the benefit of his vacation and cruise.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

                                              MEISTER LAW, LLC
                                              44 West Flagler Street, Suite 750
                                              Miami, Florida 33130
                                              Office: (305) 590-5570
                                              Facsimile: (305) 675-3787
                                              TonyaJMeister@aol.com

                                              By: s/ Tonya J. Meister
                                              TONYA J. MEISTER
                                              FLORIDA BAR NO.: 0629243